UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

12 - 3564

-----------------------------------------------------------------x

CHRISTA LORENZ,

                Plaintiff,

      - against -

GE CAPITAL RETAIL BANK,

                Defendant.

-----------------------------------------------------------------x

*DKT#:*

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

SPATT, J.
WALL, M.J.

SUMMONS ISSUED

    Plaintiff, CHRISTA LORENZ, by her attorneys, TREYVUS & KONOSKI, P.C.,

complaining of the defendant, respectfully alleges as follows:

## PRELIMINARY STATEMENT

    1.  This is an action by Plaintiff, CHRISTA LORENZ, for declaratory and injunctive

relief and for actual and statutory damages sustained by reason of a violation of the plaintiff's

rights under the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter

"FDCPA"), the New York General Business Law § 349 (hereinafter "GBL"), and for

Negligence, Negligent Supervision, Negligent Training, and Intentional Infliction of Emotional

Distress, as a result of being subjected to abusive, deceptive and unfair business practices.

## JURISDICTION

    2.  Jurisdiction is predicated upon 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1337.

## VENUE

    3.  Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that the Defendant transacts business in this District and this is the District in which

the claim arose.

## JURY DEMAND

4. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

5. Plaintiff, CHRISTA LORENZ, is a senior-citizen and at all relevant times a resident of Suffolk County, New York.

6. Plaintiff, CHRISTA LORENZ, is a "consumer" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant, GE CAPITAL RETAIL BANK, was and is a domestic corporation.

8. Defendant, GE CAPITAL RETAIL BANK, has a corporate office located at 170 Election Road, Suite 125, Draper, UT, 84020.

9. Defendant, GE CAPITAL RETAIL BANK, has a corporate office located at 901 Main Avenue, Norwalk, CT, 06851-1168

10. Defendant, GE CAPITAL RETAIL BANK, has a mailing address at P.O. Box 965003, Orlando, FL, 32896-5003.

11. Defendant, GE CAPITAL RETAIL BANK, is also known as GE MONEY BANK.

12. Defendant, GE CAPITAL RETAIL BANK, is formerly known as GE MONEY BANK.

13. Defendant, GE CAPITAL RETAIL BANK, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant regularly attempts to collect debts alleged to be due another.

15. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

16. All references to "Defendant" herein shall mean the Defendant or an employee of the

Defendant.

## **FACTUAL ALLEGATIONS**

17. The Plaintiff opened a "Lowe's" credit card, with account number ending in 4180, and a "Sam's Club" credit card, with account number ending 9321. These credit cards will be referred to as the "subject credit cards". (See Exhibit A)

18. The subject credit cards are both issued by GE CAPITAL RETAIL BANK.

19. The subject credit cards each had incurred debt which the Plaintiff did not charge to the subject credit cards and which she could not identify (hereinafter referred to as the "posted debt"). As such, the Plaintiff determined that she may have been the subject of Identity Theft with respect to the subject credit cards.

20. The Plaintiff hired an attorney to challenge the debt that was posted to the subject credit cards.

21. On or about January 9, 2012, the attorney sent a "Notice of Dispute" regarding the posted debt on both of the subject credit cards. The "Notice of Dispute" also ordered that the debt collector "cease all communications" with the Plaintiff. (See Exhibit B for both letters).

22. The Plaintiff did not receive a response to the "Notice of Dispute" and did not Receive any proof of the incurred debt as demanded in the "Notice of Dispute" pursuant to 15 U.S.C. § 1601 *et seq.* and 12 C.F.R. § 162.

23. The Defendant never obtained a Judgment against the Plaintiff for any debt posted to the subject credit cards.

24. The Plaintiff is an unemployed senior citizen and is a recipient of Social Security Benefits.

25. Pursuant to 42 U.S.C. § 407(a):

> "The right of any person to any future payment [of Social Security Benefits] shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency law."

26. In or about May of 2012, the Plaintiff received a notification from the Social Security Administration that she purportedly authorized Social Security payments to be routed to new bank for deposit starting in June of 2012.

27. In or about May of 2012, the Plaintiff never provided any authorization to the Social Security Administration to re-route her Social Security benefits to another bank.

28. Upon inquiry, the Social Security administration provided the Plaintiff with documentation that the request for re-routing of the Social Security benefits that was made in or about May of 2012  was provided by the Defendant, GE CAPITAL RETAIL BANK.  (See Exhibit C).

29. Upon inquiry, the Social Security administration provided the Plaintiff with documentation that the bank account to which the Social Security benefits were to be re-routed to in May of 2012, which was to start in June of 2012, was a bank account owned, operated, and maintained by the Defendant, GE CAPITAL RETAIL BANK.  (See Exhibit C).

30. In or about May of 2012, the Defendant, GE CAPITAL RETAIL BANK and/or its agents, servants, or employees, attempted to obtain the Plaintiff's Social Security benefits as payment for debt posted to the subject credit cards.

31. In or about May of 2012, the Plaintiff did not provide any authorization to GE CAPITAL RETAIL BANK or to the Social Security Administration to allow for her Social Security benefits to be deposited in a bank account owned, operated, and/or maintained by the Defendant, GE CAPITAL RETAIL BANK.

32. In or about June of 2012, the Social Security Administration "reversed" the transaction that re-routed the Plaintiff's Social Security money to the bank account that was owned, operated, and/or maintained by the Defendant, GE CAPITAL RETAIL BANK.

33. The Plaintiff's Social Security benefits for the month of May of 2012, which were due to her in June of 2012, were received by the Plaintiff in the month of July of 2012.

34. The attempt by the Defendant to re-route the Plaintiff's Social Security benefits to an account owned, operated, and/or maintained by the Defendant contravened the plain language of 42 U.S.C. § 407(a).

35. As a result of the Defendant's attempt to re-route Plaintiff's Social Security payments Plaintiff incurred debt from loans obtained from friends to pay for simple living expenses, such as food, utilities, and transportation, and which was caused by the unauthorized re-routing of her Social Security benefits and having no access to those funds for a period of time subsequent to the re-routing.

36. On or about June 13, 2012, the Defendant sent a letter to Plaintiff regarding the "Lowe's" credit card ending in account # 4180. (See Exhibit D).

37. The June 13, 2012 letter acknowledges that the Defendant was made aware of the fact that the Plaintiff had retained an attorney. The Defendant was put on notice of the fact that Plaintiff had an attorney by the "Notice of Dispute" that was previously sent to the Defendant. (See Exhibit B).

38. The June 13, 2012, letter states "We are contacting you regarding the Lowe's Visa Rewards account referenced above." (See Exhibit D). This statement demonstrates that the Defendant had made contact with the Plaintiff after the "Notice of Dispute" was sent to the Defendant, which clearly instructed the Defendant to "cease all communication to our client by telephone and mail." (See Exhibit B).

39. The June 13, 2012, letter further threatens the Plaintiff that if she does not provide the information sought, the Defendant "will resume contact with you for payment arrangements on the above referenced account". (See Exhibit D). However, the Defendant's had made this threat to Plaintiff while already on Notice from the "Notice of Dispute" that they should "cease all communication" with the Plaintiff. (See Exhibit B). Therefore, the Defendant's had threatened action which Defendant was legally prohibited from engaging in.

40. On or about July 6, 2012 letter, the Defendant sent a letter to Plaintiff regarding the "Sam's Club" credit card ending in account # 9321. (See Exhibit E).

41. The July 6, 2012 letter acknowledges that the Defendant was made aware of the fact that the Plaintiff had retained an attorney. The Defendant was put on notice of the fact that Plaintiff had an attorney by the "Notice of Dispute" that was previously sent to the Defendant. (See Exhibit B).

42. The July 6, 2012, letter states "We are contacting you regarding the Sam's Club Discover account referenced above." (See Exhibit E). This statement demonstrates that the Defendant had made contact with the Plaintiff after the "Notice of Dispute" was sent to the Defendant, which clearly instructed the Defendant to "cease all communication to our client by telephone and mail." (See Exhibit B).

43. The July 6, 2012, letter further threatens the Plaintiff that if she does not provide the

information sought, or if her attorney fails to confirm representation, the account "will be placed back into collection". (See Exhibit E). However, the Defendant's had made this threat to Plaintiff while already on Notice from the "Notice of Dispute" that they should "cease all communication" with the Plaintiff. (See Exhibit B). Therefore, the Defendant's had threatened action to continue with collection activity, which inherently involves contact and communication with the Plaintiff, but which Defendant was legally prohibited from engaging in.

44. As a result of the Defendant's violations alleged herein, Plaintiff became nervous, anxious, upset, and suffered from emotional distress and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation, and caused to incur costs as set forth above in Paragraph 40.

## FIRST CAUSE OF ACTION
### *UNLAWFUL COMMUNICATION IN CONNECTION WITH DEBT COLLECTION*
*15 U.S.C. § 1692C*

45. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46. Defendant violated 15 U.S.C. §§ 1692c(a)2 and 1692c(c) by failing to cease communications with the Plaintiff after Plaintiff served a "Notice of Dispute" letter from Plaintiff's attorney, and which contained a notice to "cease all communications" with the Plaintiff. (See Exhibit B).

47. The communications that were made to the Plaintiff are as follows:

(a) Communications issued by the Social Security Administration regarding the fact that Plaintiff's Social Security Payments would be sent to a new bank account which Plaintiff did not authorize;

(b) Communications issued by the Social Security Administration informing the Plaintiff as to the Defendants identity and the bank account information where the Social Security payments would be redirected to (See Exhibit C);

    (c) The letter sent to the Plaintiff regarding the "Lowe's" credit card (See Exhibit D); and

    (d) The letter sent to the Plaintiff regarding the "Sam's Club" credit card (See Exhibit E).

48. Communications by the Social Security Administration to the Plaintiff as set forth herein were caused to be issued as a direct result of the Defendant's actions and, therefore, are attributable to the Defendant.

49. Defendant is liable to Plaintiff pursuant to 15 U.S.C. § 1692c.

## SECOND CAUSE OF ACTION
### *FALSE OR MISLEADING REPRESENTATIONS*
### *15 U.S.C. § 1692E*

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant violated 15 U.S.C. § 1692e(5) by issuing a letter dated June 13, 2012, which threatened to resume contact with the Plaintiff for payment, which was against the Plaintiff's express notice to "cease all communications" (See Exhibit B), and where resuming contact is an action which the Defendant could not legally take.

52. Defendant violated 15 U.S.C. § 1692e(5) by issuing a letter dated July 6, 2012, which threatened to place the Plaintiff's account back in collection, thereby threatening future communications, and which was against the Plaintiff's express notice to "cease all communications" (See Exhibit B). Resuming contact and future collections activity is an action which the Defendant could not legally take.

53. Defendant violated 15 U.S.C. § 1692e(9) by issuing an authorization purportedly

approved by the plaintiff, which gave a false impression as to its source, authorization, or

approval, in that Plaintiff did not approve any authorization to re-direct her Social Security

benefits to the Defendant.

54. Defendant violated 15 U.S.C. § 1692e(10) by using a false representation or

deceptive means to collect or attempt to collect any debt, in that the Defendant falsely,

fraudulently, and without approval by the Plaintiff, issued two false authorizations to re-direct

Plaintiffs Social Security benefits to the Defendant.

55. Defendant is liable to Plaintiff pursuant to 15 U.S.C. § 1692e.

### THIRD CAUSE OF ACTION
### *UNFAIR PRACTICES*
### *15 U.S.C. § 1692F*

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant violated 15 U.S.C. § 1692f(1) by collecting a disputed sum of money

posted to the subject credit cards by seizing Plaintiff's Social Security Disability payments in

violation of 42 U.S.C. § 407(a).

58. Defendant is liable to Plaintiff pursuant to 15 U.S.C. § 1692f.

### PENDENT STATE CLAIMS

### FIRST CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *DECEPTIVE BUSINESS PRACTICES*
### *GBL § 349*

59. Plaintiff repeats, reiterates and realleges each and every allegation contained in

paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. The acts and practices of the Defendant alleged herein constitute acts, uses,

or employment by defendant and its agents of deception, fraud, unconscionable and unfair commercial practices, false pretenses, false promises, misrepresentations, or the knowing concealment, suppression, or omission of material facts with the intent that others rely upon such concealment, suppression, or omission, in connection with conduct of any business, trade, or commerce, in violation of § 349 of New York's General Business Law, making deceptive and unfair acts and practices illegal.

61. The conduct of the Defendant of issuing a false and fraudulent authorizations to re-direct the Plaintiff's Social Security benefits, without the Plaintiffs approval or consent, was in violation of GBL § 349.

62. As a direct and proximate result of Defendant's Deceptive Business Practices, Plaintiff has suffered harm for which she is entitled to an award of monetary damages, attorney fees, and other relief, to be proven at trial.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *NEGLIGENCE*

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "62" with the same force and effect as if fully set forth herein.

64. The defendants owed a duty to use due care at or about the times of each incident and occurrence alleged herein.

65. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## THIRD CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *NEGLIGENT SUPERVISION*

66. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67. Defendant is required to supervise its various agents, servants, and employees, employed by the Defendant.

68. That the defendants created an unreasonable risk of harm to plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents

69. That the defendants, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for her injuries, damages and losses caused by defendant.

## FOURTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *NEGLIGENT TRAINING*

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" with the same force and effect as if fully set forth herein.

71. Defendant is required to adequately train its various agents, servants, and employees.

72. Defendant, created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees.

73. That the defendants, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

## FIFTH CLAIM FOR RELIEF UNDER NEW YORK STATE LAW
### *INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS*

74. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75. The aforementioned conduct of the defendant, was extreme, outrageous, and exceeded all reasonable bounds of decency.

76. The aforementioned conduct was intentional and done for the sole purpose of causing extreme emotional distress to the plaintiff.

77. As a result of the Defendant's violations alleged herein, Plaintiff became nervous, anxious, upset, and suffered from emotional distress and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation, and caused to incur costs as set forth above in Paragraph 40.

## FEDERAL LAW AND STATE LAW CLAIMS, JOINTLY

### INJUNCTIVE RELIEF

78. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. Pursuant to all of the Counts set forth above, given that there exists no adequate remedy at law, Plaintiff is entitled to prospective and permanent injunctive relief against Defendant.

80. That by reason of the aforesaid conduct by defendant, GE CAPITAL RETAIL BANK, its agents, sales representatives, servants, employees, affiliates, subsidiaries, successors and assigns, and any and all other persons or entities acting at, through, under or in active concert

or in participation with any or all of them, be enjoined and restrained preliminarily and permanently:

    (a) From issuing false authorizations that were not actually authorized or approved by Plaintiff and/or other customers;

    (b) From issuing false authorizations to re-route Social Security Disability payments from the Plaintiff, or from any other customer, for the benefit of the Defendant or any other individual or corporation.

    (c) From re-routing or attempting to re-route Social Security Disability payments from the Plaintiff, or from any other customer, to the Defendant for the benefit of the Defendant or any other individual or corporation.

    (d) From providing false information and false communications to the Social Security Administration regarding the Plaintiff or any other customer.

    (e) From communicating with the Plaintiff by telephone, mail, email, or any other means whatsoever.

### RELIEF REQUESTED

**WHEREFORE,** Plaintiff, CHRISTA LORENZ, demands judgment against Defendants as follows:

### *CLAIMS UNDER THE FDCPA*

a. Count 1: For actual damages; and for statutory damages in the amount to be determined at trial, plus an award of attorney's fees, costs and expenses, pursuant to 15 U.S.C. § 1692k, and a permanent injunction.

b. Count 2: For actual damages; and for statutory damages in the amount to be determined at trial, plus an award of attorney's fees, costs and expenses, pursuant to 15 U.S.C. § 1692k, and a permanent injunction.

c. Count 3: For actual damages; and for statutory damages in the amount to be determined at trial, plus an award of attorney's fees, costs and expenses, pursuant to 15 U.S.C. § 1692k, and a permanent injunction.

d. Count 4: For actual damages; and for statutory damages in the amount to be determined at trial, plus an award of attorney's fees, costs and expenses, pursuant to 15 U.S.C. § 1692k, and a permanent injunction.

### *PENDENT STATE CLAIMS*

e. Count 1:   For damages in the amount to be determined at trial, including actual, incidental and consequential damages, or fifty dollars and treble-damages up to $1,000, whichever is greater, and a permanent injunction, as well as an award of reasonable attorney's fees, costs and expenses.

f. Count 2:  For damages in the amount to be determined at trial, including actual, incidental, consequential, and compensatory damages, and a permanent injunction.

g. Count 3: For damages in the amount to be determined at trial, including actual, incidental, consequential, and compensatory damages, and a permanent injunction.

h. Count 4: For damages in the amount to be determined at trial, including actual, incidental, consequential, and compensatory damages, and a permanent injunction.

i. Count 5:  For damages in the amount to be determined at trial, including actual, incidental, consequential, and compensatory damages, and a permanent injunction.

Dated: New York, NY
      July 17, 2012

By: _____

BRYAN KONOSKI (BK7563)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832

**EXHIBIT A**

## Lowe's® Visa® Rewards Card Account

Christa LORENZ
Account Number ____180

Visit us at www.lowesvisacredit.com
Customer Service 1-866-419-9148

### Summary of Account Activity

| | |
|---|---|
| Previous Balance | $6,830.78 |
| – Payments | $0.00 |
| – Other Credits | $0.00 |
| + Purchases/Debits | $0.00 |
| + Balance Transfers | $0.00 |
| + Cash Advances | $0.00 |
| + Fees Charged | $35.00 |
| + Interest Charged | $110.24 |
| **New Balance** | **$6,976.02** |

| | |
|---|---|
| Credit Limit | $7,000.00 |
| Available Credit | $0.00 |
| Cash Advance Limit | $1,400.00 |
| Available Cash | $0.00 |
| Statement Closing Date | 06/26/2012 |
| Days in Billing Cycle | 32 |

New York residents may contact the New York state banking department to obtain a comparative listing of credit card rates, fees, and grace periods. New York State Banking Department 1-800-518-8866.

### Payment Information

| | |
|---|---|
| New Balance | $6,976.02 |
| Amount Past Due | $638.00 |
| Total Minimum Payment Due | $655.00 |
| Payment Due Date | 07/19/2012 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00 and your APRs may be increased up to a Penalty APR of 29.99%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay... | You will pay off the balance shown on this statement in about... | And you will end up paying an estimated total of... |
|---|---|---|
| Only the minimum payment | 24 years | $15,643.00 |

If you would like information about credit counseling services, call 1-877-362-9775.

### Transaction Summary

| Tran Date | Post Date | Reference Number/ Invoice Number | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| 05/19 | 05/19 | | FEES | |
| | | | LATE FEE | $35.00 |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$35.00** |
| 06/26 | 06/26 | | INTEREST CHARGED | |
| | | | INTEREST CHARGE ON PURCHASES | $110.24 |
| | | | INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$110.24** |

| 2012 Totals Year-to-Date | |
|---|---|
| Total Fees Charged in 2012 | $95.00 |
| Total Interest Charged in 2012 | $609.94 |
| Total Interest Paid in 2012 | $361.92 |

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**

NOTICE: We may convert your payment into an electronic debit. See reverse for details, Billing Rights information and other important information.

Detach and mail this portion with your check. Do not include any correspondence with your check.

CHRISTA LORENZ

| Account Number | ____180 |
|---|---|
| Payment Due Date | 07/19/2012 |
| New Balance | $6,976.02 |

| Total Minimum Payment Due | Amount Past Due |
|---|---|
| $655.00 | $638.00 |

Payment Enclosed $ _____

New address or email? Print changes on back

Make Payment to: LOWE'S®GEUSB
PO BOX 960010
ORLANDO, FL 32896-0010



**LOWE'S**

| Interest Charge Calculation | | | | |
| --- | --- | --- | --- | --- |
| Your Annual Percentage Rate (APR) is the annual interest rate on your account | | | | |
| Type of Balance | Expiration Date | Annual Percentage Rate | Balance Subject To Interest Rate | Interest Charge |
| Regular Purchases | NA | 18.24% | $6,892.72 | $110.24 |
| Cash Advances | NA | 24.99% | $0.00 | $0.00 |

**Cardholder News and Information**

Monitor your account 24/7. Enroll in free eServicing at lowes4account.com and take advantage of the easy way to view recent transactions, check your balance, update personal information and much more.

1-2

**Customer Service Guidelines** - For account information, please call the phone number on the front of this statement. Unless your name is listed on this statement, your access to information on the account may be limited. You may also mail questions (but not payments) to: **PO. Box 965064, Orlando, FL 32896-5064.** Please send your payments to the address listed on the front portion of this statement.
**Payments:** Send payments to the address listed on the front portion of this statement.
**Notice:** See below for your Billing Rights and other important information. Telephoning about billing errors will not preserve your rights under federal law. To preserve your rights, please write to us at the Billing Inquiries Address: PO. Box 965060, Orlando, FL 32896-5060.

Purchases, returns, and payments made just prior to billing date may not appear until your next statement. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process it as a payment. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. **You may choose not to have your payment collected electronically by sending your payment (with the payment coupon in the envelope - not the return envelope) to: PO. Box 530905, Atlanta, GA 30353-0905 (not the Payment Address).**
**What To Do If You Think You Find A Mistake On Your Statement**
If you think there is an error on your statement, write to us at the Billing Inquiries Address:
GE Capital Retail Bank
PO. Box 965060, Orlando, FL 32896-5060
In your letter, give us the following information:
• Account information: Your name and account number
• Dollar amount: The dollar amount of the suspected error
• Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.
You must contact us within 60 days after the error appeared on your statement.
You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.
While we investigate whether or not there has been an error, the following are true:
• We cannot try to collect the amount in question, or report you as delinquent on that amount.
• The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
• While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
• We can apply any unpaid amount against your credit limit.
**Your Rights If You Are Dissatisfied With Your Credit Card Purchases**
If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.
To use this right, all of the following must be true:
1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.
If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at:
GE Capital Retail Bank
PO. Box 965060, Orlando, FL 32896-5060
While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.
**Information About Payments: You may at any time pay, in whole or in part, the total outstanding balance without any additional charge for prepayment.** Payments received after 5:00 PM (ET) on any day will be credited as of the next day. Credit to your Account may be delayed up to five days if payment is (i) not received at the Payment Address, (ii) is not paid in U.S. dollars drawn on a U.S. financial institution located in the U.S., (iii) is not accompanied by the remittance coupon attached to your statement, or (iv) contains more than one payment or remittance coupon, (v) is not sealed or (vi) contains any restrictions or conditions (includes any checks bearing notations or correspondence of any kind). Conditional Payments: Any written communications accompanying disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "Payment in Full" or is tendered as full satisfaction of a disputed amount ("Conditional Payments") must be sent with other conditions or limitations ("Disputed Payments"), must be sent to another address (to call PO. Box 965060, Orlando, FL 32896-5060).

This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Crédito To Your Account:** An amount shown in parentheses (or preceded by a minus (-) sign or a credit or credit balance unless otherwise indicated. Credits will be applied to your previous balance immediately upon receipt, but will not satisfy any required payment that may be due.
**Credit Reports And Account Information:** If you believe that we have reported inaccurate information about you to a consumer reporting agency, please contact us at PO. Box 965005, Orlando, FL 32896-5005. In doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please include a copy of that report. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.
**Balance Subject To Interest Charge Calculation:**
**Daily Balance Method:** We figure the interest charge on your account by applying the periodic rate to the "daily balance" of your account for each day in the billing cycle. To get the "daily balance" we take the beginning balance of your account each day, add any new purchases, cash advances, and applicable fees, and subtract any payments or credits. This gives us the daily balance. Then we add to the interest. Charges a section of this statement as the sum of the daily balances for each day in the billing cycle divided by the number of days in the billing cycle.
**Bankruptcy Notice:** If you file bankruptcy, you must send us notice, including proof of mailing or service at the following address: GE Capital Retail Bank, Attn: Bankruptcy Dept., PO. Box 103104, Roswell, GA 30076.
**Your account is owned and serviced by GE Capital Retail Bank.**
Hearing Impaired: TDD access 1-800-444-1732

ONEBON09 -1 -07/11/2011

For changes of address, phone number and/or email, please check the box and print the changes below

Street
Address
City, State
Zip
Phone #
E-mail

Home Phone #     Business Phone #     Cell # or Other Phone # (s)     Enter Address

By providing a telephone number on your account, I consent to GE Capital Retail Bank and any other owner or servicer of my account contacting me about my account, including using any contact information on my account that may contain errors (corrode, and I consent to the use of my automatic telephone dialing system and/or an artificial or prerecorded voice when contacting me, even if I am charged for the call under my phone plan.





**Sam's Club® Discover®**

Visit us at samsclub.com/credit
Member Service 1-866-743-8547

CHRISTA LORENZ
Account Number                                  9521

| Summary of Account Activity | |
|---|---|
| Previous Balance | $10,799.63 |
| + Interest Charges | $137.50 |
| **New Balance** | **$10,937.13** |
| | |
| Credit Limit | $9,500.00 |
| Available Credit | OVERLIMIT |
| Cash Advance/Quick Cash Limit | $1,181.00 |
| Available Cash | OVERLIMIT |
| Statement Closing Date | 06/03/2012 |
| Days in Billing Cycle | 31 |

New York residents may contact the New York State banking department to obtain a comparative listing of credit card rates, fees, and grace periods. New York State Banking Department 1-800-518-8866.

| Payment Information | |
|---|---|
| New Balance | $10,937.13 |
| Amount Past Due | $1,276.00 |
| Total Minimum Payment Due | $1,523.00 |
| | 06/29/2012 |
| Overlimit Amount | $1,337.13 |
| | 06/26/2012 |

**Late Payment Warning:** If we do not receive your minimum payment by the date listed above, you may have to pay a late fee up to $35.00.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges using this card and each month you pay ... | You will pay off the balance shown on this statement in about ... | And you will end up paying an estimated total of ... |
|---|---|---|
| Only the minimum payment | 20 years | $21,467.00 |

If you would like information about credit counseling services, call 1-877-302-9775.

**Reward News**

See how quickly your cash can add up!

Earn rewards on purchases throughout the year!

| Cash Earned Summary | |
|---|---|
| Previous Reward Balance | $0.00 |
| (+) Rewards Earned | $0.00 |
| Cash Reward Balance | $0.00 |

**Transaction Summary**

| Trans Date | Post Date | Reference Number | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| | | | FEES | |
| | | | **TOTAL FEES FOR THIS PERIOD** | **$0.00** |

(Continued on next page)

1  2

---

**PAYMENT DUE BY 5 P.M. (ET) ON THE DUE DATE.**

**NOTICE: We may convert your payment into an electronic debit. See reverse side for details, Billing Rights and other important information.**

Detach and enclose this coupon with your payment. For correspondence or change of address, print on back.

  DISC VER

| Minimum Payment Due | Past Due | Date |
|---|---|---|
| $1,523.00 | $1,276.00 | 06/29/2012 |

Payment Enclosed: Please use blue or black ink.

$ _____

New address or email? Print changes on back.

Make Payment to: SAMS CLUB DISCOVER/GECRB
P.O. BOX 960013
ORLANDO, FL 32896-0013

CHRISTA LORENZ







Savings Made Simple

DISC VER

Managing your Sam's Club® Discover® account is more convenient than ever with our mobile service. Mobile service lets you access your account on the go, whenever it's convenient for you.*

• Check your account balance
• Make a payment
• Check your available credit

• See when your next payment is due
• View your payment history

*Data fees may apply.

**Search for Sam's Club Credit on your mobile browser or log in to SamsClub.com/credit to learn more.**



## Transaction Summary (Continued)

| Tran Date | Post Date | Reference Number | Description of Transaction or Credit | Amount |
|---|---|---|---|---|
| | | | INTEREST CHARGED | |
| 06/03 | 05/03 | | INTEREST CHARGE ON PURCHASES | $137.50 |
| 06/03 | 06/03 | | INTEREST CHARGE ON CASH ADVANCES | $0.00 |
| | | | **TOTAL INTEREST FOR THIS PERIOD** | **$137.50** |

### 2012 Totals Year-To-Date

| | |
|---|---|
| Total Fees Charged in 2012 | $782.86 |
| Total Interest Charged in 2012 | $767.25 |
| Total Interest Paid in 2012 | $0.00 |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account

| Type of Balance | Expiration Date | ANNUAL PERCENTAGE RATE | Balance Subject to Interest Rate | Interest Charge |
|---|---|---|---|---|
| Regular Purchases and Cash Over | N/A | 14.90% (v) | $10,865.01 | $137.50 |
| Cash Advances | N/A | 19.90% (v) | $0.00 | $0.00 |
| (v) = variable rate | | | | |

## Cardholder News and Information

Your account is past due. If you are having difficulty making your payments, we have many options available to help you bring your account current including Lowering Payments, Payment Matching and Interest Waivers. Call 1-800-964-1182 today to determine if you are eligible for one of our payment options.

Eligible card purchases may be billed under one of the following promotions. No Interest if Paid in Full within 6, 12, 18, 24 or 36 months. Under each of these promotions, if the promotional balance is not paid in full within the promotional period, interest will be imposed from the date of purchase at a variable rate of 14.90%. APR will vary with the market based on the Prime Rate. Minimum monthly payments are required. See promotional advertising for further details.

If your account has a deferred interest promotion and you would like us to apply a payment on your account to a specific balance, please call Customer Service to discuss options that may be available.

1-2

**Customer Service/Questions:** For account information, please call the toll free number on the front of this statement. Unless you have an address listed on the statement, your access to information on the account may be limited. You may also mail questions (but not payments) to us at the address listed on the statement or on the billing rights portion of the statement or on payment.

**Payments:** Send payments to the address listed on the remittance portion of the statement or on payment.

**Notice:** See below for your Billing Rights and other important information. Telephoning us about billing errors will not preserve your rights under federal law. To preserve your rights, please write to us at the GE Capital Retail Bank address shown on your statement.

Purchases, returns, and payments made just prior to billing date may not appear until your next monthly statement. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. **You may choose not to have your payment collected electronically by sending a paper payment (with the payment stub), in your own envelope – not the enclosed window envelope – to GE Capital Retail Bank, PO Box 530905, Atlanta, GA 30353-0905.**

**What To Do If You Think You Find A Mistake On Your Statement.** If you think there is an error on your statement, write to us at: GE Capital Retail Bank PO Box 960061, Orlando, FL 32896-5001

In your letter, give us the following information:
- Account information: Your name and account number.
- Dollar amount: The dollar amount of the suspected error.
- Description of Problem: If you think there is an error on your bill, describe what you believe is wrong and why you believe it is a mistake.

You must contact us within 60 days after the error appeared on your statement.

You must notify us of any potential errors in writing. You may call us, but if you do we are not required to investigate any potential errors and you may have to pay the amount in question.

While we investigate whether or not there has been an error, the following applies:
- We cannot try to collect the amount in question, or report you as delinquent on that amount.
- The charge in question may remain on your statement, and we may continue to charge you interest on that amount. But, if we determine that we made a mistake, you will not have to pay the amount in question or any interest or other fees related to that amount.
- While you do not have to pay the amount in question, you are responsible for the remainder of your balance.
- We can apply any unpaid amount against your credit limit.

**Your Rights If You Are Dissatisfied With Your Credit Card Purchases.**

If you are dissatisfied with the goods or services that you have purchased with your credit card, and you have tried in good faith to correct the problem with the merchant, you may have the right not to pay the remaining amount due on the purchase.

To use this right, all of the following must be true:
1. The purchase must have been made in your home state or within 100 miles of your current mailing address, and the purchase price must have been more than $50. (Note: Neither of these are necessary if your purchase was based on an advertisement we mailed to you, or if we own the company that sold you the goods or services.)
2. You must have used your credit card for the purchase. Purchases made with cash advances from an ATM or with a check that accesses your credit card account do not qualify.
3. You must not yet have fully paid for the purchase.

If all of the criteria above are met and you are still dissatisfied with the purchase, contact us in writing at: GE Capital Retail Bank PO Box 960061, Orlando, FL 32896-5001

While we investigate, the same rules apply to the disputed amount as discussed above. After we finish our investigation, we will tell you our decision. At that point, if we think you owe an amount and you do not pay we may report you as delinquent.

**Information About Payments: You may at any time pay, in whole or in part, the total unpaid balance without any additional charge for prepayment.** Payments received after 5:00 PM (ET) on any day may be credited as of the next day. Credit to your Account may be delayed up to five days if payment (a) is not received at our address listed in U.S. dollars drawn on a U.S. financial institution located in the U.S., (b) is not accompanied by the remittance coupon attached to your statement, (c) contains more than one payment or remittance coupon, (d) is not accompanied by payment of any fee. Cashless Payments: All written communications concerning disputed amounts, including any check or other payment instrument that (a) indicates that the payment constitutes payment in full of an amount otherwise in dispute or (b) is tendered with other conditions or limitations ("Disputed Payments"), must be mailed or delivered to: GE Capital Retail Bank, PO Box 960061, Orlando, FL 32896-5001.

**Credits To Your Account:** An amount shown in parentheses or preceded by a minus (-) sign is a credit or credit balance unless otherwise indicated. Credits will be applied to your previous balance immediately upon receipt, but will not delay any required payment that may be due.

**Credit Reports And Account Information:** If you believe that we have reported inaccurate information about you to a consumer reporting agency, please contact us at: PO Box 965009, Orlando, FL 32896-5009, in doing so, please identify the inaccurate information and tell us why you believe it is incorrect. If you have a copy of the credit report that includes the inaccurate information, please include a copy of that report. We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.

**Balance Subject To Interest Charge Calculation**

**Daily Balance method:** We figure the interest charge on your account by applying the periodic rate to the "daily balance" of your account for each day in the billing cycle. We start with the beginning balance on your account each day (which includes unpaid interest), and add any new purchases, and subtract any payments or credits. This gives us the daily balance. Any daily balance of less than zero will be treated as zero. A separate daily balance is calculated for each balance type on your account. The balances shown in the Interest Charges section of this statement is the sum of the daily balances for each day in billing cycle divided by the number of days in the billing cycle.

**Bankruptcy Notice:** If you file bankruptcy you must send us notice, including account number and all information related to the proceeding to the following address: GE Capital Retail Bank, Attn: Bankruptcy Dept. PO Box 103104, Roswell, GA 30076.

**Your account is owned and serviced by GE Capital Retail Bank.**

**Hearing impaired:** TDD users call 1-800-444-1792.

This is an attempt to collect a debt and any information obtained will be used for that purpose.

*By providing a telephone number (cell or otherwise), you consent to GE Capital Retail Bank, and any other owner or servicer of your account contacting you about your account, using any telephone number, including autodialed and prerecorded message calls, and the use of any automatic telephone dialing system and/or an artificial or prerecorded voice when contacting you, even if you are charged for the call under your phone plan.*

For changes of address, phone number and/or email, please check the box and print the changes below.

| Street Address | | |
|---|---|---|
| City/State | | |
| Zip | | |
| Phone # | | |
| E-mail | | |

| Home Phone # | Business Phone # | *Cell # or other phone if we can use to contact you | Email Address |
|---|---|---|---|

*By providing your email address, you agree to receive email communications about your account and you give permission for us to share

D1/GE0701 2 - 2/21/02-1

**EXHIBIT B**



**Law Offices Of**
**Paul A. Herman, P.A.**
20423 State Road 7   Suite F6-477
Boca Raton, FL 33498-6747
Tele 800-269-4685   Fax 561-431-2352
***www.paherman.com***

January 9th, 2012
*Via First Class Mail*

**GE Money Bank**
901 Main Avenue
Norwalk, CT 06851-1168

RE:        Bankruptcy Act Inquiry/Notice of Dispute
           Christa Lorenz
           Account No: ███████4180

To Whom It May Concern:

This firm represents the above named client with regards to the referenced receivable originated and serviced by your firm. Our client is investigating the availability of credit counseling pursuant to the bankruptcy act. ***In the event*** that the client qualifies for bankruptcy please identify the address wherein the automatic stay should be sent. Please be advised that you are to **cease all communication to our client by telephone and mail. Failure to abide by this will result in further legal action to the fullest extent of the law.**

This letter also serves as an ***official dispute of the validity of the alleged debt as outlined in the account statements covering the past 60 days of activity*** for the above referenced account. This dispute goes to the calculation of the listed minimum amount claimed as due and owing; the calculation, application, and inclusion of any and all finance charges or late fees if any were applied; and the calculation and determination of the current new and outstanding balance as contemplated and incorporated in 15 U.S.C. §1666(b)(5).

Additionally in accordance with the common law, it is our position that the amount outlined on the statement submitted to our client does not accurately portray the complete and applicable terms and conditions of the original contract entered into by the client or any subsequent changes in the terms and conditions as affirmatively accepted by the client.

***The Fair Credit Billing Act 15 U.S.C. 1601 et seq.; 12 CFR §161 states: If an obligor sets forth the reasons for the obligor's belief that the statement contains a billing error, the creditor SHALL not later than 30 days after receipt of the notice, send a written acknowledgment to the obligor and send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth the reasons why the creditor believes the account of the obligor is correctly shown and upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness.***

Pursuant to the **Fair Credit Billing Act 15 U.S.C. §1601 et seq.; 12 C.F.R. §161 (FCBA)**, we hereby request you provide us with the following verified documentary evidence in substantiation of the alleged debt claimed by the creditor;

1. Alleged Original Agreement: Please provide us with a verified copy, both front and back, of the alleged original agreement and other alleged original security instruments

1

in its entirety, including the executed credit card application, and the initial Truth in Lending Act disclosure statement(s);

2. Please verify who the real party in interest is in this debt collection matter;

3. Please provide us with verified evidence that the alleged creditor is the secured party in the instant matter and has a perfected security interest in the aforesaid alleged agreement and alleged debt;

4. If you are not the secured party, please provide us with the Department of the Treasury form 1099 Original Issue Discount for each year the alleged creditor was holder in possession of the alleged original agreement;

5. Please provide us with a verified copy of the deposit slip for the deposit of the alleged agreement in its entirety by the alleged creditor associated with the above alleged account, and a verified copy of the cancelled check issued by the alleged creditor as payor in payment for the alleged agreement in its entirety and any other alleged related security instruments;

6. Please provide us with verified evidence that the alleged creditor has provided consideration to the alleged debtor, from the assets they had on hand before the alleged credit was made, and incurred a financial loss under the full and complete alleged original agreement and alleged debt, and state each and every loss that the alleged creditor has incurred to date under the alleged debt in issue;

7. Please provide us with verified copies, both front and back, of all documents and records with respect to the aforesaid alleged agreement and alleged debt from beginning, including but not limited to, any and all lender issued cancelled certified checks, cashiers' checks, money equivalents or similar instruments, identified as or evidencing assets provided by the alleged creditor to obligor and indorsed by obligor;

8. Please provide us with a verified copy of the complete set of original bookkeeping journal associated with the alleged agreement and alleged account number. This is to be completed by the **original** custodian of the books and records, sworn to be true, correct, complete, and not misleading;

9. If applicable, please provide us with verified proof of an assignment contract in its entirety of the alleged original agreement and the alleged debt in issue from an alleged original creditor, as assignor, to the alleged creditor, as assignee.

**WARNING:** All of your **communications and omissions** will be made a part of and incorporated into any litigation arising from this matter.

Time is of the essence and therefore you have **Thirty (30)** days from the date of your receipt of this **Notice of Dispute** to perform in compliance with verifying the alleged debts as requested above per **FCBA** mandates. I will consider a reasonable extension of time only for the production of verified documents should you need more than thirty (30) days so long as the request is made in writing to the address below. Your failure to perform will show bad faith and if you remain silent to this request or are unable to verify the debt as above, the legal concepts of estoppel by acquiescence and tacit admission will come into play whereby the alleged debt will be admitted invalid, a nullity, and unenforceable, and thereby repudiated in its entirety ab initio.

Sincerely,

Paul A. Herman, Esq.
paherman@paherman.com

*For The Firm*

PAH/cf



**Law Offices Of**
**Paul A. Herman, P.A.**
20423 State Road 7   Suite F6-477
Boca Raton, FL 33498-6747
Tele 800-269-4685   Fax 561-431-2352
***www.paherman.com***

January 9th, 2012
*Via First Class Mail*

**Discover Financial Services**
P.O Box 30943
Salt Lake City, UT 84130-0943

RE:      Bankruptcy Act Inquiry/Notice of Dispute
         Christa Lorenz
         Account No: █████████9321

To Whom It May Concern:

This firm represents the above named client with regards to the referenced receivable originated and serviced by your firm. Our client is investigating the availability of credit counseling pursuant to the bankruptcy act.   ***In the event*** that the client qualifies for bankruptcy please identify the address wherein the automatic stay should be sent. Please be advised that you are to **cease all communication to our client by telephone and mail. Failure to abide by this will result in further legal action to the fullest extent of the law.**

This letter also serves as an ***official dispute of the validity of the alleged debt as outlined in the account statements covering the past 60 days of activity*** for the above referenced account. This dispute goes to the calculation of the listed minimum amount claimed as due and owing; the calculation, application, and inclusion of any and all finance charges or late fees if any were applied; and the calculation and determination of the current new and outstanding balance as contemplated and incorporated in 15 U.S.C. §1666(b)(5).

Additionally in accordance with the common law, it is our position that the amount outlined on the statement submitted to our client does not accurately portray the complete and applicable terms and conditions of the original contract entered into by the client or any subsequent changes in the terms and conditions as affirmatively accepted by the client.

***The Fair Credit Billing Act 15 U.S.C. 1601 et seq.; 12 CFR §161 states: If an obligor sets forth the reasons for the obligor's belief that the statement contains a billing error, the creditor SHALL not later than 30 days after receipt of the notice, send a written acknowledgment to the obligor and send a written explanation or clarification to the obligor, after having conducted an investigation, setting forth the reasons why the creditor believes the account of the obligor is correctly shown and upon request of the obligor, provide copies of documentary evidence of the obligor's indebtedness.***

Pursuant to the **Fair Credit Billing Act 15 U.S.C. §1601 et seq.; 12 C.F.R. §161 (FCBA),** we hereby request you provide us with the following verified documentary evidence in substantiation of the alleged debt claimed by the creditor;

1.   Alleged Original Agreement: Please provide us with a verified copy, both front and back, of the alleged original agreement and other alleged original security instruments

1

in its entirety, including the executed credit card application, and the initial Truth in Lending Act disclosure statement(s);

2. Please verify who the real party in interest is in this debt collection matter;

3. Please provide us with verified evidence that the alleged creditor is the secured party in the instant matter and has a perfected security interest in the aforesaid alleged agreement and alleged debt;

4. If you are not the secured party, please provide us with the Department of the Treasury form 1099 Original Issue Discount for each year the alleged creditor was holder in possession of the alleged original agreement;

5. Please provide us with a verified copy of the deposit slip for the deposit of the alleged agreement in its entirety by the alleged creditor associated with the above alleged account, and a verified copy of the cancelled check issued by the alleged creditor as payor in payment for the alleged agreement in its entirety and any other alleged related security instruments;

6. Please provide us with verified evidence that the alleged creditor has provided consideration to the alleged debtor, from the assets they had on hand before the alleged credit was made, and incurred a financial loss under the full and complete alleged original agreement and alleged debt, and state each and every loss that the alleged creditor has incurred to date under the alleged debt in issue;

7. Please provide us with verified copies, both front and back, of all documents and records with respect to the aforesaid alleged agreement and alleged debt from beginning, including but not limited to, any and all lender issued cancelled certified checks, cashiers' checks, money equivalents or similar instruments, identified as or evidencing assets provided by the alleged creditor to obligor and indorsed by obligor;

8. Please provide us with a verified copy of the complete set of original bookkeeping journal associated with the alleged agreement and alleged account number. This is to be completed by the **original** custodian of the books and records, sworn to be true, correct, complete, and not misleading;

9. If applicable, please provide us with verified proof of an assignment contract in its entirety of the alleged original agreement and the alleged debt in issue from an alleged original creditor, as assignor, to the alleged creditor, as assignee.

**WARNING:** All of your **communications and omissions** will be made a part of and incorporated into any litigation arising from this matter.

Time is of the essence and therefore you have **Thirty (30)** days from the date of your receipt of this **Notice of Dispute** to perform in compliance with verifying the alleged debts as requested above per **FCBA** mandates. I will consider a reasonable extension only for the production of verified documents should you need more than thirty (30) days so long as the request is made in writing to the address below. Your failure to perform will show bad faith and if you remain silent to this request or are unable to verify the debt as above, the legal concepts of estoppel by acquiescence and tacit admission will come into play whereby the alleged debt will be admitted invalid, a nullity, and unenforceable, and thereby repudiated in its entirety ab initio.

Sincerely,

Paul A. Herman, Esq.
paherman@paherman.com

*For The Firm*

PAH/cf

2

# EXHIBIT C

PAY CYCLE: 3RD WEDNESDAY    CYC RUN PROC DT: 122700   YC REASON: INITIAL AWARD
LEGEND 1: CHRISTA LORENZ_____            LEGEND 2: _____
LEGEND 3: _____           LEGEND 4: _____
*ADDRESS 1:             ADDRESS 2: _____
 ADDRESS 3: _____         ADDRESS 4: _____
*CITY: _____                     STATE: ____        ZIP: _____
STATE & COUNTY CODE: _____            DISTRICT OFFICE CODE: 136
COUNTRY: _____           CONSULAR CODE: ____
FOREIGN POSTAL ZONE: _____         GEOGRAPHIC CODE: _____


DIRECT DEPOSIT ROUTING TRANSIT NUMBER: 124085024         ACCOUNT TYPE (C/S): C
DEPOSITOR ACCOUNT NUMBER: 75248701132173718       CANCEL DIRECT DEPOSIT (Y): _
DIRECT EXPRESS (Y): _

SELECT PHONE CODE: 1  1=HOME  2=WORK  3=NONE  4=UNK  5=OTH  6=ATTY  7=MOBILE.
PHONE NUMBER: 6312869131          SELECT PHONE TYPE: 1  1=DOMESTIC  2=FOREIGN.

ADD/REVIEW FUTURE EVENTS (Y): _       DELETE (Y): _          TRANSFER TO: _____

Case 2:12-cv-03564-ADS-WDW  Document 1   Filed 07/18/12   Page 29 of 33 PageID #: 29

NAME:  RTN: 1240-8502-4
ADDRESS: 170 ELECTION ROAD  SUITE 125                DD RTN:
         DRAPER UT                                   XREF RTN:

     ZIP: 84020-0000     TELEPHONE: (801) 816-4312

REMARKS:




LAST PAGE

# EXHIBIT D

P.O. Box 965004
Orlando, FL 32896-5004

CHRISTA LORENZ
37 DRAKE AVE
BELLPORT NY 11713-1016

6187
CC04

06/13/2012

**Account Number Ending In: 4180**

Dear CHRISTA LORENZ,

We are contacting you regarding the Lowe's® Visa® Rewards account referenced above.

According to our records, the attorney contact information that you provided us, was either not complete or incorrect.

We need your attorney's full name, complete mailing address, phone and fax numbers.

Attorney Name: _____

Attorney Address: _____

_____

Attorney Phone Number: _____

Please provide us with the information requested within 30 days from the date of this letter.

If the information is not received, we will resume contact with you for payment arrangements on the above referenced account.

GE CAPITAL RETAIL BANK / Lowe's Visa Rewards
P.O. Box 36955
Canton, OH 44735-6955
Fax: 1-330-433-5603

If you have any questions, please call the phone number listed below.

Sincerely,

GE CAPITAL RETAIL BANK
1-866-853-7641

Account is owned by GE CAPITAL RETAIL BANK - Member FDIC



**EXHIBIT E**

GE CAPITAL RETAIL BANK
P.O. Box 965004
Orlando, FL 32896-5004

17609
CC04

07/06/2012

LORENZ, CHRISTA
37 DRAKE AVE
BELLPORT NY 11713-1016

Client name: Sam's Club® Discover®
Account Number Ending In: 9321

Dear CHRISTA LORENZ,

We are contacting you regarding the Sam's Club® Discover® account referenced above.

We have not received the requested bankruptcy information on the account listed above. We have made several attempts to obtain the information on the reverse side and/or contact your attorney.

If the information is not provided to us, or your attorney fails to confirm representation within 14 days of the date of this letter, your account will be placed back into collection.

Provide the data listed above and send your responses to:

GE CAPITAL RETAIL BANK / Sam's Club Discover
P.O. Box 103104
Roswell, GA 30076

For immediate processing contact us at: 1.800.552.5239.

Thank you in advance for your cooperation and prompt response.

Sincerely,

GE CAPITAL RETAIL BANK

This is an attempt to collect a debt and any information obtained will be used for that purpose.
Account is owned by GE CAPITAL RETAIL BANK - Member FDIC