```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTA LORENZ,

                    Plaintiff,
                                                              MEMORANDUM OF
          -against-                                           DECISION AND ORDER
                                                              12-CV-3564 (ADS) (WDW)
GE CAPITAL RETAIL BANK,

                    Defendant.
----------------------------------------------------------X
```

**APPEARANCES:**

**Treyvus & Konoski, P.C.**
*Attorneys for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
    By: Bryan Konoski, Esq., Of Counsel

**Smith, Gambrell & Russell, LLP**
*Attorneys for the Defendant*
250 Park Avenue, Suite 1900
New York, New York 10177
    By: Joseph M. Pastore III, Esq., Of Counsel

**SPATT, District Judge**.

On July 18, 2012, the Plaintiff Christa Lorenz ("the Plaintiff"), commenced this action against the Defendant, GE Capital Retail Bank ("GE Capital" or "the Defendant"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the New York General Business Law § 349 ("NYGBL § 349"), as well as causes of action for negligence, negligent supervision, negligent training, and intentional infliction of emotional distress. Presently before the Court is the Defendant's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Defendant's motion is granted.

1

# I. BACKGROUND

The following facts are drawn from the Complaint and are construed in the light most favorable to the Plaintiff.

At some unspecified time prior to January 2012, the Plaintiff, a senior-citizen and resident of Suffolk County, New York, opened two credit card accounts—one a Lowe's credit card account, the other a Sam's Club credit card account. Although the Complaint fails to indicate the date when the credit card accounts were opened, it does state that GE Capital issued both credit cards. Subsequent to opening these credit card accounts, the Plaintiff received separate notices of incurred debt for each account from GE Capital ("Notices of Debt"). The Notices of Debt referenced charges on both of the Plaintiff's accounts, which the Plaintiff could not identify as her own. Consequently, believing she may have been a victim of identity theft, the Plaintiff hired an attorney to challenge the debts that were charged to the credit cards.

On January 9, 2012, the Plaintiff's attorney sent a "Notice of Dispute" for each credit card account. One Notice of Dispute, addressed to GE Money Bank, 901 Main Avenue, Norwalk, Connecticut, 06851, referenced the Lowe's account. (Compl., Ex. B). The second Notice of Dispute, addressed to Discover Financial Services, P.O. Box 30943, Salt Lake City, Utah, 84130, referenced the Sam's Club account. Both Notices of Dispute contained the attorney's contact information, providing facsimile and phone numbers, a mailing address, and a website. The Plaintiff did not receive a response to either "Notice of Dispute", nor did she receive any proof of incurred debt as requested in the communications sent by her attorney.

In or about May 2012, subsequent to the sending of the Notices of Dispute, the Plaintiff received a notice that GE Capital allegedly garnished the Plaintiff's Social Security Benefits ("the Benefits"). (Id. at 4, Ex. C.) The Plaintiff never provided authorization to the Social

Security Administration ("SSA") to electronically reroute the Benefits to GE Capital. In addition, GE Capital never obtained any judgment against the Plaintiff for the debts owed on either of her credit cards. However, according to the Complaint, the Benefits were electronically rerouted from the Plaintiff's personal bank account to a bank account owned and maintained by GE Capital.

As a result of the alleged garnishment of her Social Security Benefits, the Plaintiff did not receive the Benefits owed to her in June 2012 until July 2012. Further, the Plaintiff received the Benefits only after making inquiries to the SSA. Eventually, the SSA reversed the garnishment. Nevertheless, during the month of June, the Plaintiff borrowed money from friends to cover her living expenses and incurred debt as a result.

On June 13, 2012, six months after the Lowe's Notice of Dispute was sent and about the time the SSA reversed the garnishment, GE Capital sent a letter to the Plaintiff. The letter indicated a contact address of a P.O. Box in Canton, Ohio and stated as follows:

> We are contacting you regarding the Lowe's Visa Rewards account referenced above. According to our records, the attorney contact information you provided us, was either not complete or incorrect. We need your attorney's full name, complete mailing address, phone and fax numbers. . . . Please provide use with the information requested within 30 days from the date of this letter. If the information is not received, we will resume contact with you for payment arrangements on the above referenced account.

(Id., Ex. D.) In addition, the June 13th letter provided space for the Plaintiff to provide her attorney's name and contact information. (Id.)

On July 6, 2012, seven months after the Sam's Club Notice of Dispute was sent, GE Capital sent a letter to the Plaintiff referencing the Sam's Club account and indicating a contact address of P.O. Box 103104, Roswell, Georgia. (Id., Ex. E.) The July 6th letter differed slightly in content from the June 13th letter, stating:

3

> We are contacting you regarding the Sam's Club Discover account referenced above. We have not received the requested bankruptcy information on the account listed above. We have made several attempts to obtain the information on the reverse side and/or contact your attorney. If the information is not provided to us, or your attorney fails to confirm representation within 14 days of the date of this letter, your account will be placed back into collection. Provide the data listed above and send your responses to . . . . For immediate processing contact us at . . . .

(Id.) In addition to differing slightly in content from the June 13th letter, the July 9th letter included a postscript stating, "This is an attempt to collect a debt and any information obtained will be used for that purpose." (Id.)

On July 18, 2012, the Plaintiff commenced the instant action. The Complaint alleges that GE Capital's conduct violated the FDCPA, resulted in various forms of negligence, and caused the Plaintiff to "bec[o]me nervous, anxious, upset, and suffer[ ] emotional distress and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation, and caused [her] to incur costs . . . ." (Id.)

On September 17, 2012, GE Capital moved to dismiss the Complaint for failure to state any claim on which relief can be granted pursuant to Rule 12(b)(6). On September 21, 2012, the Plaintiff opposed and cross-moved, also seeking leave to amend the complaint.

## II. DISCUSSION

### A. Legal Standard for a Rule 12(b)(6) Motion to Dismiss

Under the now well-established Twombly standard, a complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The Second Circuit has explained that, after Twombly, the Court's inquiry under Rule 12(b)(6) is guided by two principles. Harris v. Mills, 572 F.3d 66 (2d Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

4

"First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Id. (quoting Iqbal, 556 U.S. at 648). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679). Thus, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and . . . determine whether they plausibly give rise to an entitlement of relief." Iqbal, 556 U.S. at 680.

In considering a motion to dismiss, this Court accepts as true the factual allegations set forth in the complaint and draws all reasonable inferences in the Plaintiff's favor. Zinermon v. Burch, 494 U.S. 113, 118, 110 S. Ct. 975, 979, 108 L. Ed. 2d 100 (1990); In re NYSE Specialists Secs. Litig., 503 F.3d 89, 91 (2d Cir. 2007). Only if this Court is satisfied that "the complaint cannot state any set of facts that would entitle the plaintiff to relief" will it grant dismissal pursuant to Fed. R. Civ. P. 12(b)(6). Hertz Corp. v. City of New York, 1 F.3d 121, 125 (2d Cir. 1993). The issue on a motion to dismiss is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Todd v. Exxon Corp., 275 F.3d 191, 198 (2d Cir. 2001) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974)).

**B.  As to the Whether the Defendant is a Creditor or Debt Collector Under the FDCPA**

GE Capital first argues that the Plaintiff's three causes of action under the FDCPA fail to state a claim upon which relief can be granted because under the provisions of the statute, GE Capital is a creditor and not a debt collector.

5

The FDCPA prohibits deceptive and misleading practices by "debt collectors." 15 U.S.C. § 1692e. The statute specifically defines debt collectors as those engaged in "any business the principle purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In contrast, the FDCPA defines a "creditor" as "'any person who offers or extends credit creating a debt or to whom a debt is owed,' except to the extent the person 'receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.'" Masudi v. Ford Motor Credit Co., No. 07 Civ. 1082, 2008 WL 2944643, at *3 (E.D.N.Y. July 31, 2008) (citing 15 U.S.C. § 1692a(4)). "[T]he FDCPA expressly limits its application to debt collectors, not creditors." Doherty v. Citibank (South Dakota) N.A., 375 F.Supp.2d 158, 162 (E.D.N.Y. 2005); see Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 85 (2d Cir. 2003) (stating that "creditors generally are not subject to the FDCPA"); Carlson v. Long Island Jewish Med. Ctr., 378 F. Supp. 2d 128, 130–31 (E.D.N.Y. 2005) ("Thus, by its terms, the FDCPA limits its reach to those collecting the dues 'of another' and does not restrict the activities of creditors seeking to collect their own debts.").

When exempting creditors from the reach of the FDCPA, "Congress recognized that the activities of creditors seeking to collect their own debts are restrained by the creditors' desire to retain their good will with consumers. Those collecting debts due to another were thought to be not similarly restrained and therefore more likely to engage in the type of unscrupulous activities the Act seeks to prevent." Carlson, 378 F. Supp. 2d at 130–31 (citing Harrison v. NBD Inc., 968 F. Supp. 837, 841 (E.D.N.Y. 1997)).

However, the division between creditors and debt collectors for the purpose of FDCPA liability is not without exception. There is one situation specifically contemplated by the

6

FDCPA in which a creditor will be deemed a debt collector and therefore subject to the mandates in the statute. This exception is referred to as the "false name" exception, and arises when the creditor attempts to collect its own debts by using "any name other than his own which would indicate that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6). The "imposition of liability" under these circumstances is warranted because of "the motivation to protect the good will in his own name is absent and the likelihood for abusive debt collections practices returns." Carlson, 378 F. Supp. 2d at 131. Therefore, a creditor such as GE Capital will find itself potentially liable under the FDCPA if it pretends to be someone else or uses a pseudonym or alias. Id. As the Second Circuit explained in Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232, 235 (2d Cir. 1998), the issue is whether, objectively, the "least sophisticated consumer would have the false impression that a third party was collecting the debt." Maguire, 147 F.3d at 236.

This case presents an interesting inquiry under the FDCPA and the false name exception. As a general matter, the Plaintiff does not attempt to argue that GE Capital qualifies as a "debt collector" as opposed to a "creditor." However, the Plaintiff does assert that GE Capital's conduct leads it to fall into the category of a creditor in light of the false name exception.

There is no question that GE Capital's direct communications to Lorenz did not utilize a false name. Instead, the Plaintiff's argument is that the Defendant pretended to be someone else in communicating with the SSA—namely, pretending to be the Plaintiff—in allegedly redirecting the Benefits to GE Capital's bank account. Therefore, the question posed to the Court is whether a creditor's actions in using a name other than its own in the course of collecting its own debts, though not used in communications to the Debtor, can constitute a violation of the FDCPA.

7

Ultimately, the Court rejects this theory of liability. A creditor's alleged use of a false name to a third party as opposed to the use of a false name in a communication with a debtor is not sufficient for the purposes of applying the false name exception. Consequently it will not warrant the categorization of the company as a debtor under the FDCPA. As the Second Circuit has expressly stated, "[t]he triggering of the FDCPA does not depend on whether a third party is in fact involved in the collection of a debt, but rather whether *a least sophisticated consumer* would have the false impression that a third party was collecting the debt." Maguire, 147 F.3d at 231 (emphasis added). Indeed, the entire impetus behind this statute was to protect the consumer from misleading debt collection practices. While the Defendant's accused conduct may cause it to be liable under other statutes or common law causes of action, it would not subject it to the dictates of the FDCPA. See id. ("In evaluating potential violations of the FDCPA, the court must use an objective standard based on whether the 'least sophisticated consumer' would be deceived by the collection practice."); Aminoff v Legal Advocates for Immigration, LLC, No. 11 Civ. 3451, 2012 WL 6824245, at *2 (E.D.N.Y. Nov. 26, 2012) ("In evaluating whether a creditor has violated the FDCPA by disguising its name to collect its own debt, the court must review *the communications with the debtor . . .*") (emphasis added).

The provision that the Plaintiff attempts to rely upon has been relevant only when a creditor indicates a false name in connection with communications to the debtor. The Plaintiff's theory is not supported by any precedent or by the language of the statute. It is the consumer's false impression that a third party is collecting a debt that is imperative, and that implicit requirement is absent in the present case. See Williams v. Citibank, N.A., 565 F. Supp. 2d 523, 529 (S.D.N.Y. 2008).

Therefore, the Court concludes that GE Capital is not considered a debt collector for the purpose of FDCPA liability, despite the false name exception. Accordingly, the Defendant's motion to dismiss the Plaintiff's FDCPA causes of action is granted.

## C. Assuming that the Defendant is a Debt Collector, Has the Plaintiff Stated a Claim Under the FDCPA?

The Defendant argues that even if it were considered to be a debt collector, the Plaintiff nevertheless fails to state a claim for unlawful communications under the FDCPA on several alternative grounds. For the sake of completeness, the Court will address these additional arguments.

### 1. Section 1692(c)

First, GE Capital argues that the Complaint fails to state a claim pursuant to Section 1692(c) because the Plaintiff does not allege that the it had any actual knowledge that she was represented by counsel, which is required in order to violate this provision.

"The FDCPA sets forth guidelines for debt collection. . . . [For example,] Section 1692(c) regulates communication with the debtor, or 'consumer,' in the language of the statute." Padilla v. Payco Gen. Am. Credits, Inc., 161 F. Supp. 2d 264, 272 (S.D.N.Y. 2001). Specifically, Section 1692c(a)(2) forbids a debt collector from communicating directly with a consumer if "the debt collector knows the consumer is represented by an attorney with respect to such debt. . . ." 15 U.S.C. § 1692c(a)(2). "In order to prevail under § 1692c(a)(2), [a] plaintiff must prove that defendants contacted him [or her] with *actual knowledge* that he [or she] was represented by an attorney." Buffington v. Schuman & Schuman, P.C., No. 00 Civ. 1620, 2001 WL 34082273, at *2 (N.D.N.Y. Feb. 21, 2001) (emphasis added).

Here, the Defendant argues that it is not alleged to have had actual knowledge that the Plaintiff was represented by an attorney because the Notices of Dispute that her attorney sent

9

were addressed to "GE Money Bank" in Norwalk, Connecticut and "Discover Financial Services" in Salt Lake City, Utah. However, the Defendant points out that the unlawful communications the Plaintiff allegedly received came from GE Capital's office for "Lowe's Visa Rewards" in Canton, Ohio and GE Capital's office for "Sam's Club Discover" in Rosewell, Georgia. Thus, according to the Defendant, the Plaintiff has not alleged that these specific offices in Ohio or Georgia had any actual knowledge or were ever advised that the Plaintiff was represented based upon letters sent to entities in Connecticut and Utah.

As a preliminary matter, the Court agrees with the Plaintiff that the substance of the Defendant's communications may itself demonstrate actual knowledge that she was represented by counsel because they refer to the deficient attorney contact information provided in the Plaintiff's initial communications. In particular, the letter dated June 13, 2012 states that "according to our records, *the attorney contact information that you provided us,* was either not complete or incorrect." (Compl. Ex. D (emphasis added).) In addition, the letter by dated July 6, 2012 states that "we have made several attempts to obtain the information on the reverse side *and/or contact your attorney*." (Compl. Ex. E (emphasis added).)

Moreover, "[a]lthough the FTC Commentary states that knowledge will not 'automatically' be imputed to the debt collector, it does not state that such knowledge cannot be imputed." Micare v. Foster & Garbus, 132 F. Supp. 2d 77, 80 (N.D.N.Y. 2001). Here, assuming that GE Capital may be qualified as a debtor under the statute, it may not be able to disclaim actual knowledge and escape liability merely by maintaining multiple offices for various entities at different addresses. See id. ("this Court has recognized that a strict reading of these requirements would allow creditors and debt collectors to maintain practices which would

10

'blatantly circumvent the intent of the FDCPA.'") (quoting Powers v. Professional Credit Servs., Inc., 107 F. Supp. 2d 166, 168 (N.D.N.Y. 2000)).

In any event, this Court agrees that "[a]lthough it is clear that a plaintiff must establish actual knowledge to prevail on a 1692c(a)(2) claim, there is no authority to suggest that a plaintiff must plead actual knowledge to survive a motion to dismiss. To the contrary, the liberal system of 'notice pleading' established by the Federal Rules of Civil Procedure militates against this conclusion." Burger v. Risk Mgmt. Alternatives, Inc., 94 F. Supp. 2d 291, 293 (N.D.N.Y. 2000). Here, the Complaint states that the Defendant had "knowledge" that she was represented by counsel. The Court finds that the "Plaintiff's failure to articulate whether [s]he meant actual or constructive knowledge is not fatal for purposes of this 12(b)(6) motion. It certainly cannot be said, based on the pleading, that the [P]laintiff could prove no set of facts in support of [her] claim which would entitle [her] to relief." Id. Therefore, the Court concludes that the Plaintiff's Complaint satisfies the basic pleading requirements for this particular provision of the FDCPA. Accordingly, if the Defendant were to be considered a debt collector, this portion of the motion to dismiss would be denied.

2. **Section 1692e**

Next, the Defendant argues that even if GE Capital is considered to be a debt collector, the Plaintiff fails to state a claim under Section 1692e because the Plaintiff has failed to allege that the communications from the "Lowe's Visa Rewards" office in Ohio or the Sam's Club Discover" office in Georgia were anything more than an attempt to learn the correct contact information for the Plaintiff's attorney, as opposed to false representations or deceptive means to collect a debt.

11

Section 1692e of the FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt[,]" and provides a non-exhaustive list of example violations. 15 U.S.C. § 1692e. Specifically, the Plaintiff asserts claims under: (i) Section 1692e(5), for threatening to resume contact with the Plaintiff for payment, which was against the Plaintiff's express notice to "cease all communications"; (ii) Section 1692e(9), for issuing an authorization to the SSA purportedly approved by the Plaintiff; and (iii) Section 1692e(10), for using a false representation or deceptive means to attempt to collect the debt, in that GE Capital issued two false authorizations to re-direct the Benefits to the Defendant.

The Court finds that the latter two theories of liability fail to state a claim under the FDCPA. As set forth above, a debt collector is prohibited from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," 15 U.S.C. § 1692e, including "[t]he use or distribution of any written communication which . . . creates a false impression as to its ... authorization . . .," id. § 1692e(9), and "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," id. § 1692e(10).

Here, the claims under Sections 1692e(9) & (10) focus on the Defendant's accused actions in connection with the SSA. However, as the Court has previously found, these provisions are not intended to capture the behavior the Defendant is accused of in this case. The Court recognizes that all circuits are not unanimous in this reasoning. See Quesenberry v. Alliant Law Group, No. 09 Civ. 414, 2010 WL 1189457, at *3 (E.D. Tex. March 5, 2010) ("the Court finds no requirement in the statute that the debt collector make the false representation directly to the debtor."). However, in the Court's view, to find otherwise would stretch the

statute well beyond its meaning. For example, while the statute prohibits a debt collector from using a written communication that creates a false impression as to its authorization, this would not include a communication that creates a false impression to a third party that is not the debtor. See Kropelnicki v. Siegel, 290 F.3d 118, 130 (2d Cir. 2002) ("In order to make out this [FDCPA] claim, Kropelnicki must first show that the letter was a communication *to her*.") (emphasis in original); Johnson v. NCB Collection Servs., 799 F. Supp. 1298, 1306 (D. Conn. 1992) ("As noted in the court's prior ruling, collection practices challenged under the FDCPA must be evaluated with reference to their likely effect on the least sophisticated consumer."). Indeed, once again, the Plaintiff has failed to provide any authority for the theory that a debt collector can be liable for communications made to a party that is not the debtor, even though tangentially related to the collection of the debt.

Therefore, assuming that GE Capital could qualify as a debt collector under the statute, its motion to dismiss the Plaintiff's claims pursuant to Section 1692e(9) and (10) would be dismissed for failure to state a claim.

As for whether the Plaintiff has stated a claim pursuant to Section 1692e(5), she must sufficiently allege that a debt collector (1) threatened action, which (2) was "not intended to be taken." 15 U.S.C. § 1692e(5); see Bentley v. Great Lakes Collection Bureau, 6 F.3d 60, 62 (2d Cir. 1993). Under the FDCPA, "[i]f a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt." 15 U.S.C. § 1692c(c).

Here, Lorenz argues that when GE Capital threatened to resume contact with her and resume future collections activity, it did not actually intend to do so, because it would be in

13

violation of the statute to continue to contact after the Plaintiff's express notice to "cease all communications."

In the Court's view, the Plaintiff has adequately stated a claim under this particular provision. Here, Lorenz alleges that on or about January 9, 2012, her attorney informed the Defendant in writing to "cease all communication." Thus, when the Defendant threatened to resume contact with the Plaintiff in connection with the collection of the debt, it is plausible that this language would lead the least sophisticated consumer to conclude that GE Capital could continue to contact the Plaintiff, despite it being illegal to do so. In other words, the Defendant's threatened action to resume contact with the Plaintiff was arguably "not intended to be taken", because GE Capital likely did not intend to take action that would be in violation of the statute.

Accordingly, if GE Capital were to qualify as a debt collector, the Plaintiff has plausibly stated a claim under 15 U.S.C. § 1692e(5) and the Defendant's motion to dismiss this particular claim would be denied.

## D. As to the Plaintiff's Request for Leave to Amend

The Plaintiff requests that if the Court finds that one or more causes of action are lacking in some manner, that the Court grant her leave to amend the Complaint to cure any such defect.

As a general matter, the Court recognizes that leave to amend the complaint is freely granted. See Fed. R. Civ. P. 15(a)(2) (dictating that courts freely grant leave to amend pleadings "when justice so requires."); Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."). However, while "it is often appropriate for a district court, when granting a motion to dismiss for failure to state a claim, to give the plaintiff leave to file an amended complaint," where amendment would be futile, denial of leave to amend is proper. See Van Buskirk v. The N.Y. Times Co., 325 F.3d 87, 91–92 (2d Cir. 2003). "[W]hile futility is a valid reason for denying a

motion to amend, this is true only where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70–71 (2d Cir. 1999) (internal quotation marks and citations omitted); see Rocco v. Palmer, No. 07 Civ. 3116, 2007 WL 3005339, at *2 (E.D.N.Y. Oct. 9, 2007) ("When a plaintiff fails to present any arguably meritorious claims, any additional amendments to a complaint would be futile.").

Here, the Plaintiff can articulate no set of facts that would qualify the Defendant as a debt collector in order to hold it liable under the FDCPA. The Plaintiff does not and cannot allege that the Defendant utilized a false name when contacting her. As that is the only way in which GE Capital can be subject to the FDCPA as a debt collector, there is no set of facts under which it can be liable. Accordingly, the Court finds that amendment would be futile. See Marchi v. Bd. of Cooperative Educ. Servs. of Albany, 173 F.3d 469, 478 (2d Cir. 1999), cert. denied, 528 U.S. 869, 120 S. Ct. 169, 145 L.Ed.2d 143 (1999); see also Bazadier v. McAlary, 464 Fed. App'x 11, 13 (affirming a district court's dismissal of a complaint without granting leave to amend where the complaint failed to state a claim for relief). For this reason, the Plaintiff's cross-motion for leave to amend is denied.

### E.  As to the Remaining State Law Claims

In addition to the FDCPA claims, the Plaintiff asserts other state law causes of action, including negligence, negligent supervision, negligent training, and intentional infliction of emotional distress.

28 U.S.C. § 1367(c) permits a federal court to decline to exercise supplemental jurisdiction where the claim "raises a novel or complex issue of State law", § 1367(c)(1), or if the court "has dismissed all [federal] claims over which it has original jurisdiction", § 1367(c)(3). "Once [a court's] discretion is triggered under § 1367(c)(3), it balances the

traditional values of judicial economy, convenience, fairness, and comity in deciding whether to exercise jurisdiction." Kolari v. N.Y.-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006) (internal citation and quotation marks omitted).

Having dismissed the Plaintiff's federal FDCPA claims, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action, including (1) a claim for deceptive business practices under the General Business Law; (2) claims for negligence, negligent supervision, and negligent hiring; and (3) a claim for intentional infliction of emotional distress. Therefore, the Court will not address the Defendant's arguments as to whether the Plaintiff has adequately stated a claim for these causes of action. These causes of action are dismissed without prejudice.

### III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Defendant's motion to dismiss is granted; and it is further

**ORDERED**, that the Plaintiff's cross-motion to amend is denied; and it is further

**ORDERED**, that the state law causes of action are dismissed without prejudice; and it is further

**ORDERED**, that the Clerk of the Court is respectfully directed to mark this case as closed.

**SO ORDERED.**
Dated: Central Islip, New York
May 16, 2013

                                                                         /s/Arthur D. Spatt
                                                                         ARTHUR D. SPATT
                                                     United States District Judge